JOHN. A. BECKWITH & al. versus ST. CROIX MANUFACTURING COMPANY.

The protest of a notary public of another State, wherein he states, that he sent a notice of the dishonor of a bill to the drawer on the next day after the demand and refusal, " and by the first practicable mail thereafter," is competent evidence to prove the facts thus stated.

ASSUMPSIT on two bills of the following tenor.

" $1050.                              Calais, June 12, 1839.

" Ninety days after sight, value received, pay to the order of D. Barber & Co. one thousand and fifty dollars, and place the same to account, as per advice. ·

                 " Noah Smith, Jr., Ag't. St. Croix Manf. Co.

"Benj. F. Copeland Esq. Tr. St. Croix Manf. Co."

The bill was accepted by Copeland, ·Treasurer, July 10, 1839, and indorsed by Duncan Barber & Co. Thomas Baillie and the plaintiffs.

" $1000                              Calais, June 12, 1839.

" Ninety days after sight, value received, pay to the order of D. Barber & Co. one thousand dollars and place the same to my account, as per advice.

                 " Noah Smith, Jr., Agt. St. Croix Manf. Co.

" Nath'l. Dewey, Esq. New York."

This bill was accepted by Dewey July 12, 1839, and indorsed by Barber & Co., Baillie and the plaintiffs.

Copeland was admitted to have been treasurer of the company, and that he resided at Boston. Dewey resided at the city of New York, and Barber & Co. and the plaintiffs resided at Fredericton, New Brunswick. These bills were discounted, and were paid by the plaintiffs, who then commenced this suit against the drawers.

Several questions were made at the trial before TENNEY J. which have become immaterial, as the decision turned on the question whether there was a sufficient demand and notice. To prove demand on Copeland and notice to the defendants, the plaintiffs introduced the protest of Alden Bradford, a notary at Boston, wherein he stated, that on October 11, 1839,

he presented the bill to Copeland, and demanded payment, and that payment was refused, the accepter saying that he had no funds, and that on the next day, he sent by mail notices to the several indorsers, one of which was, "To Noah Smith, Jr. Calais." To prove a demand and notice as to the other bill, the plaintiffs introduced the protest of J. R. Livingston, a notary of the city of New York, wherein he stated, that on October 12, 1839, he demanded payment of the accepter, who refused, saying that he had no funds, and that "on the fourteenth day of the same October, being the Monday after the demand and refusal of payment, and by the first practicable mail thereafter, I did put into the postoffice in this city a notice of the non-payment and protest of the said bill of exchange, addressed to Noah Smith, Jr. Agent of the St. Croix Manufacturing Company, Calais, Maine." The Judge ruled, that the demand and notice were sufficient, and the defendants filed exceptions.

*J. Granger*, for the defendants, said that the protest of Bradford did not show, that legal notice was given to the defendants. By saying merely, that he sent the notice the next day, is not sufficient, as it does not appear, that it was sent by the first mail of that day. The direction was not sufficient, as it did not mention in what State Calais was.

As to the protest from New York, it is not competent evidence of any fact, excepting demand and notice. It is not evidence to prove when the mails went out, or whether the notice was sent by the first one. He can only state in his protest his own acts, and not other facts. The statute of 1821, c. 101, was in force at the time, and that does not make it evidence of the facts stated therein, as the Revised Statute on the subject does.

*Bridges*, for the plaintiffs, said that a notice to the treasurer would have been sufficient, and of course a demand on him, and his refusal to pay, would be in itself notice to him.

The notary has power to do every thing necessary to a legal demand and notice, and should state his doings in his protest.

The protest is the proper evidence to prove the acts of the notary. The law requires him only to send the notice as early as the first practicable mail of the next day. It is his duty to determine that question, and he should state the fact in his protest, as much as he should the day on which it was done. The Revised Statute on the subject, making the protest evidence of the facts contained therein, is only in affirmance of the common law.

The opinion of the Court was drawn up by

TENNEY J. — The defendants' counsel attempt to sustain their exceptions on two grounds. 1st. That on the dishonor of the bill drawn upon the treasurer of the defendants, no sufficient notice of that dishonor was given to them. The treasurer being the disbursing officer of the company, a legal demand on him for payment, and a refusal was notice to the defendants of the dishonor, sufficient to make them liable, as was decided in the case of the Commercial Bank against these defendants, *ante* p. 280.

2d. The other bill declared on was drawn on Nathaniel Dewey of New York on whom demand was made at its maturity, being Saturday, the 12th of October, 1839, and payment refused ; and as it appears by the notary's certificate, notice of the dishonor was given to the agent of the defendants "on the fourteenth day of October, being the Monday after said demand and refusal of payment, *and by the first practicable mail thereafter.*" It is contended, that the evidence of the time, when notice was sent, was incompetent, inasmuch as it was no part of the notary's duty, to determine what was the first practicable mail. If a statement of the same fact in the same terms had been made by a witness on the stand, without objection, it would have been evidence. A witness may give testimony of a fact, though it may be the result arising from the existence of other facts, especially if it is in relation to those matters, concerning which he is supposed from his profession or business to possess peculiar knowledge. What is practicable may depend upon several facts and circumstances,

but it does not therefore follow that a witness may not state, what in his judgment is or is not practicable. It does not appear, that the certificate of the notary in this case was objected to as incompetent evidence; and by the Rev. St. c. 44, § 12, "the protest of any foreign or inland bill, or promissory note, or order, duly certified by any notary public, under his hand and official seal, shall be legal evidence of the facts stated in such protest as to the same, and also as to the notice given to the drawer or indorser in any court of law. Statute of 1821, c. 101, § 3 ; 16 Maine R. 246, and 259.

*Exceptions overruled.*